## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

FERMIN CIPRIAN,

       v.                                C.A. No. 12-651-ML

CITY OF PROVIDENCE;
PROVIDENCE SCHOOL DEPARTMENT;
JAMES J. LOMBARDI in his capacity as Treasurer;
ROBERT WISE in his official and individual capacity;
MAILA TOURAY in her official and individual capacity;
PHILIP GOULD in his official and individual capacity;
GRACE GONZALEZ in her official and individual capacity;
MAGALY SANCHEZ in her official and individual capacity;
RONNIE YOUNG in his official and individual capacity;
BRIAN LALLI in his official and individual capacity;
MELISSA MALONE in her official and individual capacity;
KATHERINE MCKENZIE in her official and individual capacity;
JOHN DOE in his official and individual capacity.

### MEMORANDUM AND ORDER

The plaintiff in this employment discrimination case, Fermin R. Ciprian ("Ciprian"), has brought claims of discrimination based on his "membership in a protected class" and retaliatory action on the part of the defendants, the City of Providence (together with the other named defendants, the "City"), the Providence School Department, and various members of the Providence School Board (the "Board"), pursuant to Title VII of the Civil Rights Act of 1964 and the Rhode Island Civil Rights Act ("RICRA"). The matter before the Court is the City's motion to dismiss Ciprian's complaint (the "Complaint") under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.

## I. Factual Background and Procedural History[1]

According to the Complaint, Ciprian, a teacher at a public high school in Providence until October 2007, had made "various complaints regarding a hostile and discriminatory work environment." Complaint ¶ 7. Ciprian alleges that the Board sought to terminate his employment on the grounds that he was no longer capable of performing his duties. Ciprian v. The Providence School Board, No. 2009-6059, 2009 WL 4479251 (R.I. Super., Nov. 27, 2009). On October 15, 2007, the Board placed Ciprian on paid administrative leave while conducting some inquiries of "difficulties [Ciprian] had encountered on the job." Complaint ¶ 9. On September 8, 2008, the Board voted to terminate Ciprian's employment effective as of the beginning of the 2008-2009 school year. Id. ¶ 10. In response, Ciprian and the Providence Teachers Union sought an injunction in Rhode Island state court based, in part, on the statutory requirement of Gen. Laws § 16-13-3 that notice of termination be given no later than March 1 of the immediately preceding school year. Id. at ¶ 12; C.A. No. PC-08-6046. After commencement of the suit, the Board consented to continue Ciprian's pay and health benefits and it rescinded the

---

[1]
The factual summary is primarily based on the Complaint, supplemented by non-controverted statements in the parties' submissions and by representations of counsel at a hearing on the City's motion.

September 8, 2008 termination. Id. ¶ 13. On October 27, 2008, the Board suspended Ciprian without pay for the 2008-2009 school year and terminated his employment effective the beginning of the 2009-2010 school year. Id. ¶ 15. Ciprian appealed the Board's decision on November 18, 2008 and requested a full hearing before the Board. Id. ¶ 17.

Following a hearing on September 21, 2009, the Board affirmed the decision to terminate Ciprian's employment. Id. ¶ 18-23. Ciprian appealed the Board's decision to the Rhode Island Department of Education ("RIDE").[2] On October 13, 2009, Ciprian sought another injunction in the Rhode Island state court to preclude the termination of his employment. Id. ¶ 24; C.A. No. PC-09-6059. Ciprian's motion for preliminary injunction was denied on November 27, 2009. Ciprian v. The Providence School Board, No. 2009-6059, 2009 WL 4479251. Although the hearing judge found that the conduct of the Board was "unnecessarily inappropriate," he concluded that Ciprian was unlikely to succeed on the merits of his due process claim. Id. at *7. However, the court denied the City's motion to dismiss C.A. No. PC-08-6046 on the ground of mootness

---

[2]  The appeal before RIDE is still ongoing. Although a final hearing was scheduled for January 30, 2013, Ciprian's counsel explained at the hearing on the City's motion to dismiss that a further hearing is to be scheduled and that the matter remains pending.

because "the parties continue to have a stake" in that case. Id.[3]

On March 23, 2010, Ciprian filed a charge of discrimination with the Rhode Island Commission for Human Rights ("RICHR"). (Attachment to Complaint, Docket # 1, Pages 8-9 of 10). Ciprian checked the boxes for "Retaliation" and "National Origin," and he specified that the alleged discrimination took place between October 27, 2008 (Ciprian's suspension without pay) and September 21, 2009 (the hearing before the Board, which then confirmed the termination of Ciprian's employment). Id., Complaint ¶¶ 31, 32. Ciprian alleged that he was terminated based on his ancestry, which he identified as Hispanic. (Attachment to Complaint at Page 10 of 10).

By letter dated February 21, 2012, RICHR informed Ciprian that a determination of "no probable cause" had been made and that he could pursue the matter by filing a claim in federal district court within 90 days of the receipt of a notice to sue by the United States Equal Employment Opportunity Commission ("EEOC"). (Attachment to City's Mot. Dismiss, Docket # 3-1 at Page 1 of 2). On May 3, 2012, the EEOC issued a dismissal and notice of right to sue, stating that it had "adopted the findings of the state or

---

[3]

Ciprian appealed the denial of the preliminary injunction to the Rhode Island Supreme Court, which denied and dismissed his appeal on September 21, 2011, and denied his subsequent petition for writ of certiorari on October 20, 2011. Ciprian v. Providence School Board, 29 A.3d 1239 (R.I. 2011); R.I. Supreme Court No. 2011-237-MP (Oct. 20, 2011).

local fair employment practices agency that investigated this charge." Attachment to Complaint at Page 8 of 10.

In his Complaint, Ciprian expressly asserts that he did not receive the EEOC notice until "[o]n or about June 25, 2012," more than seven weeks after it had been issued. Complaint ¶ 33. On September 17, 2012, Ciprian filed his Complaint in this Court, asserting claims of retaliation (Count I) and discrimination based on his membership in a protected class (Count II) under Title VII, as well as a claim under RICRA (Count III). Ciprian seeks a declaration from this Court that the City's "actions complained of are unlawful," and he requests "compensatory ... punitive ...[and] liquidated damages." Complaint at 7.

The City filed its answer and a motion to dismiss on February 1, 2013. The City seeks dismissal of Ciprian's Title VII claims because he failed to bring suit within ninety days of receiving the EEOC's notice of right to sue. Further, the City seeks dismissal of Ciprian's pendant RICRA claim on the grounds that (1) the claim was barred by RICRA's one-year statute of limitations in operation during the year following the events leading to Ciprian's claims, but before the Complaint was filed; (2) Ciprian failed to provide the requisite 40-day notice to the City pursuant to R.I. Gen. Laws § 45-15-5; and (3) Ciprian's claim is barred by *res judicata.*

Ciprian filed an objection on March 1, 2013, in which he maintained that, notwithstanding the date specified on the EEOC

notice, he did not receive the notice until June 25, 2012. Ciprian argues that his RICRA claim is timely because the three-year statute of limitations (enacted on January 5, 2010) should be applied retroactively. With respect to the requirement of providing notice to the City pursuant to Section 45-15-5, Ciprian suggests that his Complaint "seeks general equitable relief" and, therefore, is not subject to the notice provision. Finally, Ciprian points out that the *res judicata* doctrine does not apply to the RICRA claim because no final judgment on the merits has been reached in any relevant proceedings.  The City filed a reply memorandum on March 7, 2013.

On March 18, 2013, the Court held a hearing on the City's motion. Upon inquiry by the Court, the City's counsel acknowledged that Ciprian's claims in Rhode Island state court had not been dismissed. Ciprian's counsel confirmed that the state action remained pending and that the appeal before RIDE was still ongoing. Ciprian's counsel also conceded that no formal notice was given to the City under Section 45-15-5. At the conclusion of the hearing, the Court took the City's motion under advisement.

## II. Standard of Review

In determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must consider "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a

6

claim for which relief can be granted." <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 8 (1st Cir. 2011).

A complaint "'must contain sufficient factual matter ... to "state a claim to relief that is plausible on its face."'" <u>Katz v. Pershing, LLC</u>, 672 F.3d 64, 72-73 (1st Cir. 2012)(quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must "include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Katz v. Pershing, LLC</u>, 672 F.3d at 73 (quoting <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011) (quoting <u>Iqbal</u>, 129 S.Ct. at 1949)). "Non-conclusory factual allegations in the complaint must ... be treated as true, even if seemingly incredible." <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d at 12 (citing <u>Iqbal</u>, 129 S.Ct. at 1951) ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical.... It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.")); <u>Rodriguez-Ramos v. Hernandez-Gregorat</u>, 685 F.3d 34, 40 (1st Cir. 2012)("[N]on-conclusory allegations are entitled to a presumption of truth, and we draw all reasonable inferences therefrom in the pleader's favor.")

7

The Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor and see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)(internal citations omitted). However, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause of-action-elements" must be isolated and ignored. Id.; Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d at 40 (noting that the Court must "disregard statements in the complaint that merely offer 'legal conclusion[s] couched as ... fact[]' or 'threadbare recitals of the elements of a cause of action'")(internal quotations omitted).

In addition to facts asserted in the pleadings, the Court may consider "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d at 55-56 (citing Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005); Haley v. City of Boston, 657 F.3d at 44, 46.

**III. Discussion**

(A)  Title VII Claims

In order to be timely, a claim brought under Title VII must be filed within 90 days after the claimant receives a right-to-sue

notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1)("within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved.") Although the section refers to the "giving" of such notice, the 90 day period does not begin to run until the claimant has received the right-to-sue notice. Dismissal and Notice of Rights (Docket # 3-4); Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 143 (1st Cir. 2012)(citing Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89, 92-93, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).

The First Circuit has determined that the time limitation set by section 2000e-5(f)(1) is nonjurisdictional and, therefore, subject to "waiver, estoppel, or equitable ground for tolling the statute." Rice v. New England College, 676 F.2d 9, 10 (1st Cir. 1982)(citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). However, absent exceptional circumstances that warrant equitable tolling, a suit brought outside the 90-day period is time-barred. Loubriel v. Fondo del Seguro del Estado, 694 F.3d at 142; Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 58-59 (1st Cir. 1998)(noting that "courts should take a 'narrow view' of equitable exceptions to Title VII limitation periods").

Courts will presume that a notice provided by a government agency was mailed on the date shown on the notice and that a

plaintiff received a right-to-sue notice within three days after the EEOC mailed the notice. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1723 n.1, 80 L.Ed.2d 196 (1984)(per curiam); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996). However, that presumption is rebuttable. Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011)(initial presumption is not dispositive if contrary evidence is presented); Hill v. Textron Automotive Interiors, Inc., 160 F.Supp.2d 179, 183 (D.N.H. 2001)(citing Holmes v. NBC/GE, 914 F.Supp. 1040, 1043 (S.D.N.Y.1996) (collecting cases)).

In this case, the EEOC right-to-sue notice (appended to the Complaint) clearly shows May 3, 2012 as the "Date Mailed." (Docket # 1 at Page 8 of 10). In the Complaint, however, Ciprian states - and he maintained this assertion in his objection to the City's motion - that he did not receive the notice until "[o]n or about June 25, 2012." Complaint ¶ 33. Neither side has submitted any further evidence to support or disprove this assertion. However, this Court is of the opinion that, at this stage of the litigation, no proof is necessary. In the absence of any assertion by the plaintiff, the Court would presume that Ciprian received the right-to-sue notice in the beginning of May, 2012. However, in light of Ciprian's continued representation that he did not receive the notice until June 25, 2012, the Court takes this factual allegation as true, as required under the 12(b)(6) standard, without making a

judgment as to whether such an allegation is credible. See Ocasio-
Hernandez v. Fortuno-Burset, 640 F.3d at 12 (rejecting allegations
because of their conclusory nature, not because they were
"unrealistic or nonsensical").

The cases relied upon by the City in support of dismissal for
untimeliness do not require a different outcome. In Loubriel, the
plaintiff's ADA claim was dismissed at the summary judgment stage
(which is a different standard). Loubriel v. Fondo del Seguro del
Estado, 694 F.3d at 145. The plaintiff in Loubriel alleged in her
complaint that she did not receive her May 8, 2009 right-to-sue
notice until September 10, 2009. She further maintained in an
unsworn statement of contested material facts accompanying her
objection to the defendant's summary judgment motion that she
received the notice "on or about September 2009." Id. at 142.

The First Circuit, noting that it "need not decide [the]
vexing issue" whether those oblique references to when the notice
was received were sufficient to withstand a summary judgment
motion, determined that the claim was, nonetheless, time-barred
because the notice had been mailed simultaneously to the plaintiff
and to her attorney. Id. at 143 ("Consequently, the plaintiff had
constructive notice of the 90-day filing period through [her
attorney's] receipt of the right-to-sue notice.").

The Second Circuit in Sherlock v. Montefiore Medical Center
concluded that neither the plaintiff's "proffer of inadmissible

evidence nor her own lack of recollection sufficed to rebut the presumption" as to when she received her right-to-sue notice. Sherlock v. Montefiore Med. Ctr., 84 F.3d at 526 (holding that plaintiff's claims were timely because the defendant acknowledged receiving the EEOC letter addressed to both parties unexpectedly late).

However, in Sherlock, the complaint itself apparently did not specify the date on which the plaintiff received the right-to-sue letter, distinguishing that case from the circumstances of this case. Ruiz v. New York City Fire Dept., No. 00 CIV. 4371 AGS., 2001 WL 767009 (S.D.N.Y. Jul. 9, 2001); see also Carpenter v. City of New York, No. 09-CV-4524(ARR)(LB), 2010 WL 2680427 (E.D.N.Y. Jun. 30, 2010) (noting that, "[i]n cases where a complaint does allege this information, courts in this circuit have held that the principle that all factual allegations in the complaint must be taken as true for the purposes of Rule 12(b)(6) motions applies.").

In Davis v. Sears, the First Circuit did affirm the dismissal of a race-based discrimination claim as time-barred in the context of a 12(b)(6) motion. Davis v. Sears, Roebuck and Co., 708 F.2d 862 (1st Cir. 1983). However, in Davis, the trial court had the benefit of an affidavit submitted by the defendant that indicated (based on statements of an EEOC employee and the local post office) when the plaintiff had received the right-to-sue letter (which rendered her claim untimely). Although the affidavit was inadmissible in the

12

context of a 12(b)(6) motion, the plaintiff did not move to strike the affidavit and thus had waived her objection thereto.

In sum, taking Ciprian's allegations as true, as this Court must for the purpose of determining a motion to dismiss under Rule 12(b)(6), the Title VII claims are not time-barred because the Complaint was filed within 90 days of the date on which Ciprian alleges to have received his right-to-sue notice.

(B) RICRA Claim

Before bringing a claim against the City, Ciprian was required to comply with the provisions of Section 45-15-5 of the Rhode Island General Laws, which states, in pertinent part:

> "Every person who has any money due him or her from any town or city, or any claim or demand against any town or city, for any matter, cause, or thing whatsoever, shall * * * present to the * * * city council of the city, a particular account of that person's claim, debt, damages, or demand, and how incurred or contracted; * * * in case just and due satisfaction is not made to him or her * * * within forty (40) days[,] * * * R.I. Gen. Laws § 45-15-5 (1956).

The purpose of the 40-day waiting period is to afford a city or a town "a reasonable opportunity to settle a claim without putting the municipality to the expense of defending an action at law." Bernard v. Alexander, 605 A.2d 484, 485 (R.I.1992). The Rhode Island Supreme Court has "generally found monetary claims against municipalities to be strictly governed by the presentment and notice provisions set forth in § 45-15-5." United Lending Corp. v. City of Providence, 827 A.2d 626, 632 (R.I. 2003); Shackleton v.

13

Coffee 'An Service, Inc., 657 A.2d 544, 545 (R.I.1995)(Section 45-15-5 "sets out the steps that every person who has a monetary claim against a municipality must follow."); Bernard v. Alexander, 605 A.2d at 485) ("There is no question that § 45-15-5 requires every person who has a monetary claim against a municipality to present to the town or city council a particular account of his or her claim"); Lahaye v. City of Providence, 640 A.2d 978, 980 (R.I. 1994)("The notice requirement may not be waived voluntarily or involuntarily."). Although the Rhode Island Supreme Court has determined that the forty-day requirement is not jurisdictional, it is a condition precedent to filing suit. Mesolella v. City of Providence, 508 A.2d 661, 666 (R.I.1986).

A failure to comply with § 45-15-5 warrants "the abatement of the action or dismissal as prematurely brought rather than dismissal on the merits." Bernard v. Alexander, 605 A.2d at 485; Blessing v. Town of South Kingstown, 626 A.2d 204, 205 (1993). Pursuant to the provisions of Section 9-1-22[4], a plaintiff may

---

[4]

Section 9-1-22. states:

"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies and the claim survives, his executor or administrator, may commence a new action upon the same claim within one (1) year after the termination." R.I. Gen. Laws § 9-1-22.

bring another action "after a prior action has been dismissed for reasons other than a determination upon the merits." Id. at 204-205.

The notice requirement does not apply in cases whether the requested remedy is primarily equitable in nature. Town of Johnston v. Ryan, 485 A.2d 1248, 1250 (R.I. 1984)(citing Lonsdale Co. v. City of Woonsocket, 25 R.I. 428, 56 A. 448 (1903)).

As candidly acknowledged by Ciprian's counsel at the March 18, 2013 hearing, Ciprian did not give notice to the City pursuant to Section 45-15-5. Ciprian suggests, however, that the notice provision does not apply because his Complaint "first and foremost requests that the actions be declared unlawful and seeks general equitable relief from this Court." Ciprian Mem. at 6. However, in the Complaint, while Ciprian asks for a declaration that the City's actions are "unlawful," he primarily seeks to be "[made] whole" and to be awarded compensatory, punitive, and liquidated damages. Complaint at 7. In other words, Ciprian's requested remedies fall squarely within the category of monetary claims against the City which requires compliance with the 40-day notice provision of Section 45-15-5. Ciprian's suggestion that the City was "on sufficient notice of the claim as a result of the EEOC and [RICHR] proceedings," Ciprian Mem. at 7, may not serve to circumvent the narrowly construed requirement of a proper notice under Section 45-15-5. See Serpa v. Amaral, 635 A.2d 1196, 1198 (R.I. 1994).

15

Because this Court concludes that, in the absence of proper notice to the City, Ciprian's RICRA claim is barred by noncompliance with Section 45-15-5, there is no need to engage in an analysis of the City's statute of limitations argument. Likewise, because both parties acknowledge that proceedings in the Rhode Island state court and before RIDE are ongoing, the City's *res judicata* defense is unavailable.

**Conclusion**

For the reasons stated herein, the City's motion to dismiss the Complaint is DENIED with respect to the Title VII claims in Counts I and II, and GRANTED with respect to the RICRA claim in Count III.


SO ORDERED.


/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

April 1, 2013