UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


FERMIN CIPRIAN,

        v.                                                                 C.A. No. 12-651-ML

CITY OF PROVIDENCE;
PROVIDENCE SCHOOL DEPARTMENT;
JAMES J. LOMBARDI in his capacity as Treasurer;
ROBERT WISE in his official and individual capacity;
MAILA TOURAY in her official and individual capacity;
PHILIP GOULD in his official and individual capacity;
GRACE GONZALEZ in her official and individual capacity;
MAGALY SANCHEZ in her official and individual capacity;
RONNIE YOUNG in his official and individual capacity;
BRIAN LALLI in his official and individual capacity;
MELISSA MALONE in her official and individual capacity;
KATHERINE MCKENZIE in her official and individual capacity;
JOHN DOE in his official and individual capacity.

**MEMORANDUM AND ORDER**

      Plaintiff has brought employment discrimination claims against the City of Providence, the Providence School Department and various members of the Providence School Board ("School Board"). The matter is before the Court on a motion to dismiss filed by the members of the School Board ("Defendants").[1] Defendants move to dismiss on the grounds of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff has not responded to the motion.     Plaintiff filed this lawsuit on September 17, 2012. Plaintiff brings suit against Defendants in their individual and official capacities. On or about January 15, 2013, some 120

---

      [1]Defendants filing the motion are: Robert T. Wise, Maila Touray, Philip Gould, Grace Gonzalez, Magaly Sanchez, Ronnie Young, Brian Lalli, Melissa Malone, and Katherine McKenzie.

1

days after filing the complaint, Plaintiff attempted service on Defendants by delivering nine summonses and complaints, one for each named individual Defendant, to the Treasurer of the City of Providence. Each summons was addressed "c/o City Solicitor." Defendant's Memorandum in Support of Motion to Dismiss; Exhibit A. It appears that Plaintiff first attempted to serve process on the City Solicitor's Office but the City Solicitor's Office declined to accept service.

A defendant may move to dismiss based on insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff has the ultimate burden of proving proper service. Blair v. City of Worcester, 522 F.3d 105 (1st Cir. 2008). Service of process is insufficient if it does not comply with the procedural requirements in Fed. R. Civ. P. 4. Evora v. Boyd, C.A. No. 07-322S, 2008 WL 2674454 (D.R.I. July 7, 2008). "[S]ervice of process for public employees sued in their official capacities is governed by the rule applicable to serving individuals." Caisse v. Dubois, 346 F.3d 213, 216 (1st Cir. 2003) (per curiam). Thus, to serve Defendants in their individual and official capacities, Plaintiff was required to serve Defendants in person, at their respective abodes, or upon their respective agents of process, see Fed. R. Civ. P. 4(e)(2), or in accordance with state law, see Fed. R. Civ. P. 4(e)(1). In this instance, service was attempted on the Treasurer of the City of Providence and the City Solicitor's office. These attempts at service were not in compliance within any of the methods specified in Fed. R. Civ. P. 4(e)(2).

The Rhode Island Supreme Court has not yet decided whether service on public officials sued in their official capacities should be made in compliance with the rules governing the

service of individuals or the rules governing the service of state and government organizations.[2] The pertinent Rhode Island Rule governing service of individuals provides for essentially the same service procedures as Fed. R. Civ. P. 4(e)(2). See R.I. Super. Ct. R. Civ. P. 4(e)(1). The Rhode Island Rule governing service of state and government organizations provides for service '[u]pon a public corporation, body, or authority by delivering a copy of the summons and complaint to any officer, director, or manager thereof." R.I. Super. Ct. R. Civ. P. 4(e)(5). Neither the Treasurer nor the City Solicitor is an officer, director, or manager of the School Board. The Court need not decide which method of service the Rhode Island Supreme Court would adopt in this instance as Plaintiff failed to serve Defendants under either of the two potentially applicable rules.

A plaintiff is responsible for serving a summons, together with a copy of the complaint, within a 120 day period after the filing of the complaint. Fed. R. Civ. P. 4(c) & (m). Plaintiff filed the complaint on September 17, 2012; the 120 day time limit expired over a year ago. Fed. R. Civ. P. 4(m) provides that if a defendant

> is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff has not moved to extend the time for service, responded to the motion to dismiss, or otherwise communicated his reasons for failing to effect proper and timely service. Because Plaintiff has not shown nor attempted to show good cause, the Court is not required to extend the time of service under Rule 4(m).

---

[2] The Rhode Island Superior Court has held that service in an official capacity lawsuit should be pursuant to R.I. Super. Ct. R. Civ. P. 4(e)(5). Medina v. Kostas, C.A. PC/05-0676, 2006 WL 1892226 (R.I. Super. July 10, 2006).

Even absence a showing of good cause, however, the Court nevertheless has the discretion under Rule 4(m) to extend the time for service. Ascher v. Duggan, ___ F. Supp.2d ___, 2013 WL 5934132 (D. Mass. Nov. 1, 2013). This "exceptional relief is appropriate only in circumstances where an extension of time is sought prior to the expiration of Rule 4(m)'s deadline, or where a pro se litigant can show confusion on his part." Id. at *3 (internal quotation marks and citation omitted). The Court finds no basis for exceptional relief.

Because Plaintiff's service upon the Defendants was deficient and more than 120 days have passed, the Court lacks jurisdiction over these Defendants. The claims against Defendants are dismissed without prejudice.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
March 31, 2014