UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


FERMIN R. CIPRIAN,

    v.                                                         C.A. No. 12-651-ML

CITY OF PROVIDENCE;
PROVIDENCE SCHOOL DEPARTMENT;
JAMES J. LOMBARDI in his capacity as Treasurer;
ROBERT WISE in his official and individual capacity;[1]
MAILA TOURAY in her official and individual capacity;
PHILIP GOULD in his official and individual capacity;
GRACE GONZALEZ in her official and individual capacity;
MAGALY SANCHEZ in her official and individual capacity;
RONNIE YOUNG in his official and individual capacity;
BRIAN LALLI in his official and individual capacity;
MELISSA MALONE in her official and individual capacity;
KATHERINE MCKENZIE in her official and individual capacity;
and JOHN DOE in his official and individual capacity.

**MEMORANDUM AND ORDER**

The plaintiff in this employment discrimination case, Fermin R. Ciprian ("Ciprian"), brought claims against the City of Providence (together with the other remaining defendants, the "City") for employment discrimination and retaliatory action pursuant to Title VII of the Civil Rights Act of 1964. Ciprian's claim under the Rhode Island Civil Rights Act ("RICRA") was

---

[1] On March 31, 2014, the claims against all but the first three defendants were dismissed, without prejudice, for lack of jurisdiction, because the plaintiff failed to serve those defendants within the 120-day limit provided by Fed. R. Civ. P. 4(m). (Dkt. No. 24).

1

dismissed on April 1, 2013 because Ciprian failed to give the requisite notice to the City. April 1, 2013 Memorandum and Order at 16 (Dkt. No. 8). The matter now before the Court is the City's motion for summary judgment with respect to the remaining claims, pursuant to Federal Rule 56 of the Civil Rules of Federal Procedure.

**I. Factual Background and Procedural History**[2]

On October 15, 2007, Ciprian, a tenured physical education teacher and sports coach at Mount Pleasant High School in Providence, was placed on paid administrative leave, following allegations that Ciprian had exhibited disruptive behavior at the school and that he had been threatening and hostile to other employees. SUF ¶¶ 1-4. Ciprian then filed a complaint with the state attorney general, who forwarded the complaint to the City.[3] SUF ¶¶ 6-9.

The Providence School Department ("PSD") investigated the

---

[2] Because the facts of this case having been recited previously in some detail, Memorandum and Order (Dkt. No. 8); Ciprian v. City of Providence, 2013 WL 1339264 (D.R.I. April 1, 2013), the Court will only summarize the pertinent facts as they are presented in the City's statement of undisputed facts ("SUF")(Dkt. No. 19). The Court notes that, with the exception of two factual assertions in the SUF (¶¶58 and 64), Ciprian has raised no disputes in regard to the City's representation of the facts in this case. (Dkt. No. 22-2).

[3] Ciprian alleged, inter alia, that the FBI had a "device that can listen to your thoughts," and that the government had placed "toxic chemicals in or around [his] car." (Dkt. No. 18-6).

2

allegations underlying Ciprian's administrative leave and concluded that Ciprian's behavior was "threatening, confrontational and irrational," and that Ciprian presented a potential danger to the school community. SUF ¶¶ 10-11. On April 3, 2008, Ciprian was advised that he could not return to work unless he underwent a fitness-for-duty evaluation by an approved physician. SUF ¶ 2. Even after Ciprian had been informed in writing that the PSD would initiate termination of his employment if he refused to comply, Ciprian elected not to get an evaluation. Instead, Ciprian informed the PSD that he would file a grievance. SUF ¶¶ 12-17.

On May 6, 2008, Ciprian filed a charge of discrimination with the Rhode Island Commission of Human Rights ("RICHR"), which resulted in a finding of no probable cause on November 3, 2009. Nevertheless, one day after filing that charge, Ciprian agreed to take the evaluation. SUF ¶¶ 18-21. Ciprian was evaluated by a board-certified psychiatrist who declared that "[d]ue to . . . potential serious problems, which could indicate a psychiatric disorder," he could not recommend Ciprian's return to duty. SUF ¶¶ 25-28.

The PSD then required Ciprian to make arrangements by August 27, 2008, to undergo a full psychiatric evaluation or be subject to disciplinary action up to and including termination of his employment. SUF ¶¶ 29-31. On August 29, 2008, after Ciprian had failed to meet that deadline, the PSD advised Ciprian in writing

that the PSD superintendent would recommend to the Providence School Board (the "Board") that Ciprian's employment be terminated. SUF ¶¶ 32-34. On September 8, 2008, the Board voted to terminate Ciprian's employment. SUF. ¶ 35. After Ciprian filed a *pro se* complaint with the state attorney general and initiated suit in Rhode Island state court for lack of requisite notice, the Board rescinded its September 8, 2008 termination and advised Ciprian that it would reconsider his employment status on October 27, 2008.

Ciprian does not dispute that, "[o]n October 27, 2008, the Board voted . . . to suspend [him] without pay for the remainder of the 2008-2009 school year and to terminate him effective for the 2009-2010 school year." SUF ¶ 44. Ciprian was informed of the Board's decision by letter dated November 7, 2008[4]. SUF ¶ 45. On November 18, 2008, Ciprian appealed the Board's decision, SUF ¶ 48. On September 21, 2009, following an evidentiary hearing, the full Board voted to ratify its October 27, 2008 decision to suspend Ciprian and terminate his employment. SUF ¶ 49. Ciprian then filed an administrative appeal to the Commissioner of the Rhode Island Department of Education ("RIDE") and initiated another suit in Rhode Island state court.[5] SUF ¶¶ 53-56.

---

[4]
In his second charge of discrimination to RICHR, Ciprian stated that he was informed of his suspension and termination "[o]n or about October 27, 2008." Ex. Z.

[5]
RIDE affirmed the Board's decision on August 28, 2013. The state court denied Ciprian's request for preliminary injunction on

4

On March 23, 2010, Ciprian filed a second charge of discrimination with RICHR. ¶ 57. In this charge, which was dual-filed with the United States Equal Employment Opportunity Commission ("EEOC") on the same date, Ciprian alleged that he had been discriminated against "on the basis of [his] ancestral origin;" retaliated against; and denied a "timely evidentiary appeal hearing." Ex. Z at Page 2 of 2 (Dkt. No. 19-29). Ciprian asserted that "[o]n or about October 27, 2008, I was informed that I was suspended for the remainder of the school year and terminated for the 2009-2010 school year." Id. Following RICHR's determination of "no probable cause," a right-to-sue notice from the EEOC was sent to Ciprian on May 3, 2012, SUF ¶ 59; Ciprian commenced suit in this Court on September 17, 2012. SUF ¶ 60 (Dkt. No. 1).

Initially, the City sought to have Ciprian's Title VII claim dismissed because the complaint had been filed more than ninety days after Ciprian received his right-to-sue notice. (Dkt. No. 3). Although courts generally assume that a notice provided by a government agency is received within three days of the date on the notice, Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1723 n.1, 80 L.Ed.2d 196 (1984)(per *curiam*), Ciprian insisted that he had not received the notice until June 25, 2012. Complaint ¶ 25. Taking that allegation as true, without

---

November 27, 2009. The Supreme Court of Rhode Island denied Ciprian's appeal of that denial on September 21, 2011. SUF ¶¶ 55-56, 61.

5

making a judgment as to whether it was credible, the Court denied the City's motion to dismiss the Title VII claim because Ciprian's suit had been commenced within ninety days of the day on which Ciprian alleged he received the right-to-sue notice. (Dkt. No. 8). Ciprian's RICRA claim, however, was dismissed for failure to give proper notice to the City. Id.

On February 20, 2014, the City filed a motion for summary judgment on Ciprian's claims of retaliation (Count I) and discrimination (Count II). Complaint at ¶ 35-39 (Dkt. No. 1). The City asserts the following:

1. Ciprian's claims were filed with the EEOC more than 300 days after Ciprian's termination and, therefore, they are time-barred;

2. Ciprian's employment was terminated for legitimate, non-discriminatory reasons; and

3. Ciprian failed to establish a *prima facie* case for retaliation.

In his objection—with the exception of a blank assertion that the Board's conduct at the September 21, 2009 meeting is sufficient to support his claims of discrimination and retaliation—Ciprian does not further address the City's substantive or timeliness arguments. In his response to the City's SUF, Ciprian maintains that "the adverse employment action consisted of not only the Plaintiff's termination, but the conduct of [sic] the hearing of

6

September 21, 2009..." Pltf's Statement of Disputed Facts ¶ 64; (Dkt. No. 22-2). The City elected not to file a reply to Ciprian's objection, and the matter is now ripe for a determination.

**II. Standard of Review**

The Court must grant summary judgment to the moving party "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Lockridge v. The Univ. of Maine System, 597 F.3d 464, 469 (1st Cir. 2010). "A 'material' fact is one 'that might affect the outcome of the suit under the governing law.'" Id. at 469 n. 3 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A dispute about a material fact is 'genuine' only 'if a reasonable jury could resolve it in favor of either party.'" Lockridge v. The Univ. of Maine System, 597 F.3d at 469 n. 3 (quoting Santoni v. Potter, 369 F.3d 594, 598 (1st Cir.2004) (quoting Basic Controlex Corp., Inc. v. Klockner Moeller Corp., 202 F.3d 450, 453 (1st Cir.2000)).

**III. Discussion**

In his objection to the City's motion, Ciprian focuses entirely on the September 21, 2009 hearing in which the Board ratified its October 27, 2008 decision to suspend Ciprian immediately and to terminate his employment effective the beginning of the 2009-2010 school year. Specifically, Ciprian asserts that

7

"the Title VII retaliation claims must stand even solely based on the conduct surrounding the hearing." Pltf.'s Obj. at 7 (Dkt. No. 22-1). Although Ciprian makes no mention of the City's timeliness argument, the Court presumes that Ciprian's focus on the September 21, 2009 hearing is intended to circumvent the 300-day limit to filing a Title VII claim.

To bring a civil action for employment discrimination pursuant to Title VII, an employee must first file a charge with either (1) the EEOC within 180 days of the alleged unlawful employment practice; or (2) a parallel state agency (in this case the RICHR) within 300 days of said practice. 42 U.S.C. § 2000e-5(e)(1). Aly v. Mohegan Council, Boy Scouts of America, 711 F.3d 34, 41 (1st Cir. 2013). The timeliness requirement under 42 U.S.C. § 2000e-5(e)(1) is "mandatory," and failure to file within the time period means a potential plaintiff "lose[s] the ability to recover for [the alleged discrimination]." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Pursuant to 42 U.S.C. § 2000e-5(e)(1), (except for a claim of hostile work environment, which has not been asserted here), "a plaintiff may not recover 'for discrete acts of discrimination or retaliation that occur outside the statutory time period.'" Frederique-Alexandre v. Dep't of Natural and Envtl. Res. Puerto Rico, 478 F.3d 433, 437 n. 4 (1st Cir. 2007).

Discrete acts have been defined by the Supreme Court as "acts

such as termination, failure to promote, denial of transfer, or refusal to hire." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 114, 122 S.Ct. 2061. Such acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock." Johnson v. Univ. of Puerto Rico, 714 F.3d 48, 53 (1st Cir. 2013)(emphasis added)(quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 113, 122 S.Ct. 2061; citing Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 188 (1st Cir.2003)).

Ciprian was suspended without pay on October 27, 2008, and his employment was terminated the same day (although the termination did not take effect until the beginning of the 2009-2010 school year). On March 23, 2010, 512 days after the termination of his employment, Ciprian filed a charge with RICHR, in which he asserted that he was "terminated because of [his] ancestry." Ex. Z.[6] Ciprian also made reference to the September 21, 2009 hearing, and he asserted that he was "denied a timely evidentiary appeal hearing based on his ancestral origin." Id.

Based on the undisputed record, Ciprian's second charge of

---

[6] Ciprian also notes in this second charge that he had already filed a charge of discrimination with RICHR; but it is apparent from the record that Ciprian filed that charge on May 6, 2008 in response to the PSD's requirement that he undergo psychiatric counseling and while he was on paid administrative leave. Ex. J. That first charge resulted in a finding of no probable cause on November 3, 2009. Ex. K.

9

discrimination was filed approximately seven months too late, and it is, therefore, barred by 42 U.S.C. § 2000e-5(e)(1). Ciprian's appeal of the October 27, 2008 decision does not toll the 300-day period in which he could have filed his Title VII claim. Thomas v. Eastman Kodak Co., 183 F.3d 38, 52 (1st Cir. 1999)(noting that "the statute of limitations for a Title VII claim is not tolled while an employee exhausts any internal remedy the employer has made available."); Delaware State Coll. v. Ricks, 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods."); Int'l Union of Elec. Workers v. Robbins & Myers, Inc., 429 U.S. 229, 236–37, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (reaffirming "the independence of Title VII remedies from other pre-existing remedies available to an aggrieved employee.")).

Likewise, the September 21, 2009 hearing, on which Ciprian exclusively focuses in his objection to the City's motion, cannot stand as a "discrete discriminatory act," to serve as a basis for a separate Title VII claim. Johnson v. Univ. of Puerto Rico, 714 F.3d at 53. As this Court has previously acknowledged, a Rhode Island state court deemed the conduct of the Board in the September 21, 2009 hearing "unnecessarily inappropriate." Ciprian v. City of Providence, 2013 WL 1339264 at *1. Nevertheless, the state court denied Ciprian's request for a preliminary injunction because it

concluded that Ciprian was unlikely to success on his due process claim. Id.

The Board's later affirmation of its October 27, 2008 decision to suspend Ciprian immediately and to terminate his employment effective at the beginning of the 2009/2010 school year does not qualify as a separately actionable adverse employment action. Rather, it was a step in the collateral review of the Board's decision, pursuant to the process established under Rhode Island state law. See R.I. Gen. Laws § 16-13-3(a)(requiring that tenured teacher be "furnished with a complete statement of the cause(s) for the dismissal by the governing body of the school and shall be entitled to a hearing and appeal pursuant to the procedure set forth in § 16-13-4."); R.I. Gen. Laws § 16-13-4(a) (setting forth hearing and appeals procedures following the dismissal of a tenured teacher). Such collateral review, however, is not, by itself, an "adverse employment action." Delaware State College v. Ricks, 449 U.S. at 261, 101 S.Ct. at 506 (confirming that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods.")(citation omitted).

In sum, because Ciprian's charge of discrimination was filed more than 300 days after the Board's decision to terminate Ciprian's employment, and the Board's subsequent affirmation of its earlier decision does not qualify as a discrete discriminatory act,

Ciprian's Title VII claims are time-barred and cannot withstand the City's motion for summary judgment.

## Conclusion

For the reasons stated herein, the City's motion for summary judgment on the Plaintiff's claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 is GRANTED. The clerk is directed to enter judgment in favor of the remaining defendants.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

April 15, 2014