**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**


FERMIN CIPRIAN,

     v.                                                    C.A. No. 12-651-ML

CITY OF PROVIDENCE;
PROVIDENCE SCHOOL DEPARTMENT;
JAMES J. LOMBARDI in his capacity as Treasurer;
ROBERT WISE in his official and individual capacity;
MAILA TOURAY in her official and individual capacity;
PHILIP GOULD in his official and individual capacity;
GRACE GONZALEZ in her official and individual capacity;
MAGALY SANCHEZ in her official and individual capacity;
RONNIE YOUNG in his official and individual capacity;
BRIAN LALLI in his official and individual capacity;
MELISSA MALONE in her official and individual capacity;
KATHERINE MCKENZIE in her official and individual capacity;
JOHN DOE in his official and individual capacity.

**MEMORANDUM AND ORDER**

On September 17, 2010, Fermin Ciprian ("Ciprian") brought claims of employment discrimination and retaliatory action against the City of Providence (the "City"), the Providence School Department, and various members of the Providence School Board (together, the "Defendants") pursuant to Title VII of the Civil Rights Act of 1964 and the Rhode Island Civil Rights Act ("RICRA").

On April 1, 2013, Ciprian's claim under RICRA was dismissed because he failed to comply with R.I. Gen. Laws § 45-15-5, which requires notice to the City of the claim in order to afford the City a reasonable opportunity to settle the claim. Memorandum and

1

Order, Dkt. No. 8. Prior to dismissing the RICRA claim, the Court held a hearing in which Ciprian's attorney conceded, in Ciprian's presence, that Ciprian had not given notice to the City. Id. at 15, see also Docket Entry 03/18/13.

On February 20, 2014, the City filed a motion for summary judgment on Ciprian's remaining claims under Title VII of the Civil Rights Act, Dkt. Nos. 18, 19. On the same date, the individual Defendants also filed a motion to dismiss all claims against them for insufficient service of process, Dkt. No. 20.

On March 10, 2014, Ciprian sought an extension of time to file a response to the Defendants' motion for summary judgment, Dkt. No. 21, which was granted by this Court on March 11, 2014 (Text Order). An eight-page response in opposition to the Defendants' motion, together with a statement of disputed facts and a nineteen-page exhibit, was filed on March 17, 2014 (Dkt. Nos. 22, 23).

On March 31, 2014, Ciprian's claims against the members of the Providence School Board were dismissed, without prejudice,[1] because Ciprian had failed to effect proper and timely service on them. Accordingly, the Court lacked jurisdiction over those Defendants. Memorandum and Order, Dkt. No. 24.

On April 15, 2014, the Court granted the City's motion for summary judgment on the grounds that Ciprian's charge of

---

[1] No further attempts were made to serve the individual Defendants after the claims against them were dismissed.

discrimination was filed more than 300 days after the Providence School Board had issued a decision to terminate Ciprian's employment. Memorandum and Order at 11, Dkt. No. 25. Judgment in favor of the Defendants was entered on the same day, Dkt. No. 26. No appeal was taken therefrom.

The matter now before the Court is Ciprian's attempt, nearly one year after the case was closed, to set aside the judgment and revive the litigation. Pltf's Motion for Relief from Judgment, Dkt. No. 28. Ciprian's *pro se* motion, brought pursuant to Rule 60 of the Federal Rules of Civil Procedure, seeks to vacate the April 15, 2014 judgment and to afford Ciprian additional time to respond to the Defendants' motions to dismiss and for summary judgment.

Ciprian's submission is based on a number of otherwise unsupported assertions, e.g., that his counsel abandoned the case; that Ciprian was unaware of the Defendants' motions to dismiss and for summary judgment; and that Ciprian "had not been contacted by his attorney to discuss the case prior to August 2013." Id. at Page 1 of 3. Ciprian makes reference to unrelated disciplinary proceedings involving his counsel; Ciprian also notes that he last spoke to his attorney in October 2014. Id. at Page 2 of 3.

The Defendants have filed an objection to Ciprian's motion, asserting that the motion is (1) untimely under Fed. R. Civ. P. 60(c)(1), (2) not contemplated by the Rule on which Ciprian relies, and (3) without merit.

Rule 60 of the Federal Rules of Civil Procedure authorizes the Court "[o]n motion and just terms...to relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of reasons. "A motion under Rule 60(b) must be made <u>within a reasonable time</u> — and for reasons (1), (2), and (3)[2] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1)(emphasis added).

Ciprian's motion, filed on March 19, 2015, falls just within the one-year outer limit of Rule 60(c)(1); however, that does not render the delay "reasonable." Judgment for the Defendants was entered in April 2014, after Ciprian had been granted additional time to respond to the motion for summary judgment and after such a response had been duly filed by Ciprian's counsel. Although no objection had been filed to the individual Defendants' motion to dismiss, the record reveals unequivocally that the Defendants had never received proper service and that the claims against them were dismissed without prejudice. By Ciprian's own account, he did communicate with his counsel in October 2014, five months before bringing the instant motion. Ciprian's assertion that he had not been contacted by his counsel to discuss the case prior to August 2013 is incompatible with the undisputed fact that

---

[2] Those reasons are (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; and (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1), (2), (3).

Ciprian and his counsel were present at a March 18, 2013 hearing before this Court.

Ciprian's motion makes reference to Fed. R. Civ. P. 60(b)(3). That subsection relates to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Nothing in Ciprian's motion, even if taken at face value, includes any allegations of fraud or misconduct on the part of the Defendants. At most, Ciprian appears to attempt to make an argument for a case of "excusable neglect" under Fed. R. Civ. P. 60(b)(1).

Finally, even if Ciprian's unsupported allegations were to be credited, none of the asserted facts provide grounds to vacate the judgment in favor of the Defendants. As noted, all claims against the individual Defendants were dismissed because they had never been served. The City's motion for summary judgment was granted because Ciprian's claim was time-barred. There is no indication of a "clerical mistake or a mistake arising from oversight or omission" in the judgment, any order, or the record of this case. Fed. R. Civ. P. 60(a). Under those circumstances, this Court finds that Ciprian has not established any grounds for reopening this case and/or vacating this Court's April 15, 2014 judgment. Accordingly, Ciprian's motion to vacate the judgment is DISMISSED. Ciprian's request to assign his motion to the Court's

calendar (Dkt. No. 30) is DISMISSED AS MOOT.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

April 21, 2015